**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **FLAGSTAR BANK, NA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 2023-0017** |
| | ) | |
| **NIKITA WARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorney:**
**A.J. Stone, III, Esq.**
St. Thomas, U.S.V.I.
_For Plaintiff_

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" ("Motion") filed by Plaintiff Flagstar Bank, NA ("Plaintiff" or "Flagstar"), in which Plaintiff seeks default judgment against Defendant Nikita Ward ("Ward"). (Dkt. No. 10). Plaintiff also requests attorneys' fees in the amount of $2,925.00 and expenses in the amount of $824.88 (Dkt. No. 22). For the reasons discussed below, the Court will enter default judgment against Ward, and award Plaintiff $2,925.00 in attorneys' fees to be assessed against Ward. The Court will deny, without prejudice, Plaintiff's request for expenses in the amount of $824.88.

## I.    BACKGROUND

On May 9, 2023, Plaintiff filed a Complaint against Ward for a debt owed and for foreclosure of a mortgage on real property. (Dkt. No. 1). In the Complaint, Plaintiff alleges that, on February 28, 2022, Ward executed and delivered a promissory note (the "Note") in favor of Ramber Corp. ("Ramber") in the principal amount of $301,785.00, together with interest accruing at an annual rate of 5.125%. _Id._ at ¶ 8. As security for the Note, Ward executed and delivered to

Ramber and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Ramber, its successors, and assigns, a mortgage (the "Mortgage"), encumbering property described as:

> Plot No. 260, Estate Barren Spot, King Quarter, St. Croix, USVI, consisting of 0.23 US acre, more or less

(the "Property") *Id.* at ¶¶ 7, 11. The Complaint alleges that the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix ("Recorder") on March 1, 2022; MERS, for itself and as nominee for Ramber, assigned its entire interest in the Mortgage to Plaintiff on November 8, 2022; and such assignment was recorded on November 22, 2022 with the Recorder. *Id.* at ¶¶ 13, 15. The Complaint further alleges that, at all times relevant to the origination of the Mortgage, Ward held title to the Property via a Warranty Deed dated February 5, 2022 and recorded on March 1, 2022 with the Recorder. *Id.* at ¶ 7.

The Complaint further alleges that on or about August 1, 2022 Ward defaulted under the terms and conditions of the Note by failing to make monthly installments of principal, interest, and other charges that became due pursuant to the Note and the Mortgage. *Id.* at ¶ 17. By correspondence dated September 20, 2022, Plaintiff sent a Notice of Default to the address on record advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. *Id.* at ¶ 19. As of the date of the Complaint, the default was not cured; payment of the debt was accelerated; and Ward remained in default. *Id.* at ¶ 20.

Plaintiff seeks, *inter alia*, judgment in its favor and against Ward declaring that Ward defaulted under the terms of the Note; declaring that Ward defaulted under the terms of the Mortgage, thereby entitling Plaintiff to exercise all remedies provided by those documents; awarding the principal balance due on the Mortgage plus interest, other charges, costs, expenses, and attorneys' fees; declaring that Plaintiff's Mortgage forecloses the interests of all other

lienholders subject only to statutory redemption rights; and ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff. *Id.* at 5-6.

On March 1, 2023, Plaintiff filed a "Motion for Default Judgment" together with a Memorandum of Law. (Dkt. Nos. 10, 11). Plaintiff argues that the procedural elements for default judgment against Ward have been satisfied because she has been personally served with copies of the Summons and Complaint; Ward has not defended herself in this matter; Ward is not an infant or incompetent person; and Ward is not engaged in military service. (Dkt. No. 11 at 10). In addition, Plaintiff asserts that it has satisfied the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[1] *Id.* at 11-14.

Along with the Motion for Default Judgment, Plaintiff also filed a "Declaration of Amounts Due" ("Declaration"). (Dkt. No. 13). In the Declaration, Vanessa M. Ellison ("Ellison"), Senior Loan Administration Analyst at Flagstar, attests that she has personal knowledge of the documents executed by Ward, which are maintained as part of Plaintiff's business records. *Id.* at ¶¶ 2, 3. Based on the information provided, the indebtedness owed to Plaintiff as of August 31, 2023 consists of the following: a principal balance of $300,358.66; accrued interest from July 1, 2022 to August 31, 2023 of $17,941.35; escrow advances (property taxes and hazard insurance) of $1,308.82; accumulated late charges of $171.50; and a recoverable balance of $1,478.00[2], for a total

---

[1] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

[2] The recoverable balance consists of Plaintiff's billed legal expenses. (Dkt. No. 13-5 at 2). The Court will consider these fees separately in its attorneys' fees analysis.

indebtedness of $321,258.33. *Id.* at ¶¶ 12-14. Ellison also asserts that interest accrues on the outstanding debt at the per diem rate of $42.17. *Id.* at ¶ 14.

In its Memorandum of Law, Plaintiff also requests attorneys' fees in the amount of $2,925.00 and expenses in the amount of $824.88, for a total of $3,749.88. (Dkt. No. 11 at ¶ 20). Additionally, Attorney Stone submitted a "Declaration of Counsel in Support of Motion for Attorneys' Fees" averring that he billed at an hourly rate of $250.00, along with billing records listing the services billed. (Dkt. Nos. 12, 12-1).

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

4

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

## III.    DISCUSSION

### A.    Entitlement to Default Judgment

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Ward, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. Plaintiff has provided evidence to establish the elements of its foreclosure action against Ward. Specifically, Plaintiff has shown that: (1) Ward executed and delivered a promissory note dated February 28, 2022 (Dkt. No. 13-1); (2) Ward executed and delivered a Mortgage dated February 28, 2022 (Dkt. No. 13-2); MERS, as nominee

for Ramber, its successors, and assigns transferred its interest in the Property to Plaintiff via an Assignment of Mortgage on November 8, 2022 (Dkt. No. 13-3); (3) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property (Dkt. No. 13-2 at ¶ 21); and (4) Ward is in default under the terms of the Note and the Mortgage (Dkt. No. 11-2). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Ward. It has properly shown that: (1) Ward was personally served with the Summons and Complaint (Dkt. No. 5); (2) Ward has not appeared in this action; (3) default was entered against Ward by the Clerk of Court on August 14, 2023 (Dkt. No. 9); and (4) Ward is not an infant nor incompetent person (Dkt. No. 13 at ¶ 16). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Ward is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)]. (Dkt. No. 13-9).

Plaintiff has also shown with specificity how it calculated the amount due on the account by providing the Declaration of Amounts Due signed by Ellison and supporting documentation. (Dkt. No. 13). The Court finds that the following amounts are due: a principal balance of $300,358.66; accrued interest from July 1, 2022 to August 31, 2023 of $17,941.35; accrued interest from September 1, 2023 to the date of the entry of Judgment of $17,163.19[3]; escrow advances

---

[3] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $42.17 from September 1, 2023 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $42.17 per diem rate *x* 407days = $17,163.19.

(property taxes and hazard insurance) of $1,308.82; and accumulated late charges of $171.50, for a total indebtedness of $336,943.52.

Finally, Plaintiff has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Ward's breach of her contractual obligations together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, Ward's culpable conduct is evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against Ward is appropriate.

## C.    Attorneys' Fees and Expenses

### 1.    Attorneys' Fees

In the Memorandum of Law attached to the Motion, Plaintiff also requests an award of attorneys' fees in the amount of $2,925.00 and expenses in the amount of $824.88. (Dkt. No. 11 at 16). In support of its request, Plaintiff submitted, *inter alia*, a "Declaration of Counsel in Support of Motion for Attorney Fees" and billing records. (Dkt. Nos. 12 and 12-1). In his Declaration, A.J. Stone, III, Esq. states that he is a senior associate, and his hourly billing rate is $250.00. (Dkt. No. 12 at ¶¶ 2, 5). Attorney Stone verified that "the items are correct" and "the services set forth therein were actually and necessarily performed. *Id.* at ¶ 5. Each billing entry includes columns for the date the work was performed, the initials of Attorney Stone, a brief description of the work

performed, the time spent and hourly rate, and the total dollar amount billed for each entry. (Dkt. No. 12-1).

The Virgin Islands statute governing attorneys' fees provides, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has held, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (2011); *see also Abramovitz v. Lynch*, Civil No. 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I.R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorney's fees and costs are reasonable."). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a). The terms of the Mortgage here also state that Plaintiff may recover "reasonable" attorneys' fees. (Dkt. No. 13-2 at ¶ 21). Therefore, the Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, Civ. No. 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2019) (observing that the inclusion of attorneys' fees within the definition of reasonable costs is derived from 5 V.I.C. § 541).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United*

*States v. Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners*, *LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, Civ. No. 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546, at *3 (quoting *Flagstar Bank, FSB v. Stridiron*, Civil Action No. 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

### a. Billing Rates

Turning first to the hourly rate charged, the Court considers whether counsel has established reasonable billing rates. Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Selene Fin., LP v. Williams,* Civil Action No. 2017-0035, 2023 WL 8530142, at *2 (D.V.I. Dec. 8, 2023) (citing *Williams*, 2017 WL 2543293, at *2); *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil No.

2016-94, 2019 WL 4941365, at *3 (D.V.I. Aug. 6, 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case). More recently, however, hourly rates of up to $350.00 depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g., Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 in attorneys' fees based on the attorney's level of experience); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Roy v. Poleon*, ST-13-cv-525, 2018 WL 6721399, at *2 (V.I. Super. Dec. 14, 2018) (allowing $350.00 per hour to senior attorneys in complex civil action); *Freund v. Liburd*, No. ST-11-cv-730, 2017 WL 11596465, at *3 (V.I. Super. Dec. 20, 2017) (allowing $340.00 to $350.00 per hour for senior partners in complex contract, foreclosure, and contribution case).

In view of the foregoing, the Court finds that the $250.00 hourly billing rate charged for Attorney Stone is reasonable and falls within the range of rates typically charged for a foreclosure matter. *See Ditech Fin.*, 2019 WL 4941365, at *3 (finding a $250.00 hourly billing rate to be reasonable); *see also Flagstar Bank, FSB v. Walcott*, Civil Action No. 2018-0037, 2022 WL 4094075, at *3 (D.V.I. Sept. 6, 2022) (same); *Lakeview Loan Servicing, LLC v. Martinez*, Civil Action No. 2016-0073, 2020 WL 4572340, at *6 (D.V.I. Aug. 7, 2020) (same).

### b. Reasonableness of Hours Expended

Next, the Court addresses whether Plaintiff's claimed hours were "reasonably expended." *Phillips*, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). After evaluating the hours billed by Attorney Stone, the Court finds

that the 11.7 hours spent in the legal work on this case were reasonably expended and is not unusual for a routine foreclosure action resolved by default judgment. Accordingly, the Court finds that the attorneys' fees sought by Plaintiff in the amount of $2,925.00 are reasonable. *See, e.g.*, *New Residential Mortg. LLC v. Bentley,* Civil Action No. 2013-0066, 2020 WL 5579553, at *3 (D.V.I. Sept. 16, 2020) (awarding $2,064.00 in uncontested foreclosure case).

## 2. Expenses

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at 584. The *Terrell* court observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). With regard to "expenses"—those case-related expenditures that do not qualify as "costs" under applicable statutes—such payments may be reimbursed if allowed by the parties' contract, because courts generally enforce the terms of contracts. *See Audubon Engineering Co. LLC v. Int'l Procurement & Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (Plaintiff was entitled to attorneys' fees pursuant to contract); *Rainey v. Hermon*, 55 V.I. at 886 (court permitted party to recover legal fees and administrative costs allowed by its contract, "unless the fee is unreasonable.").

In the instant Motion, Plaintiff is seeking reimbursement in the amount of $824.88 for the following expenses: $275.00 for title services; $402.00 for filing the Complaint; $26.00 for a filing fee for a *lis pendens*; $46.88 for an online, public records search; and $75.00 in process server fees. (Dkt. No. 12-1). While the Court finds that the aforementioned expenses are compensable

11

under the terms of the Mortgage,[4] Plaintiff failed to attach actual invoices from each of the service providers—as required by the Local Rules of this Court[5]—to support the expenditures claimed. Accordingly, the Court will deny without prejudice Plaintiff's request for expenses. *See* Local Rule 54.1(c) ("Upon failure of the prevailing party to comply with this Rule, all costs not properly supported shall be waived."); *Zurich Am. Ins. Co. v. Tyree Holdings Corp.,* 87 F. Supp. 3d 703, 705 (D.N.J. 2014) (internal citation omitted) ("The party seeking recover[y] of costs must 'provide sufficient information' to demonstrate the compensable nature of the requested costs.").

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Flagstar Bank, NA's "Motion for Default Judgment" (Dkt. No. 10). Accordingly, the Court will award Judgment in favor of Plaintiff and against Defendant Nikita Ward in the amount of $336,943.52, consisting of a principal balance of $300,358.66; accrued interest from July 1, 2022 to August 31, 2023 of $17,941.35; accrued interest from September 1, 2023 to the date of the entry of Judgment of $17,163.19; escrow advances (property taxes and hazard insurance) of $1,308.82; and accumulated late charges of $171.50. The total indebtedness of $336,943.52 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a). In addition, the Court will award Plaintiff $2,925.00 in attorneys' fees to be assessed against Ward. The Court will deny without prejudice Plaintiff's request for expenses in the amount of $824.88.

---

[4] The Mortgage provides in pertinent part, that the "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including but not limited to, attorneys' fees, property inspection, and valuation fees." (Dkt. No. 13-2 at ¶ 13).

[5] Local Rule 54.1(b) provides, in part, that "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date:  October 11, 2024

_____/s/_____
WILMA A. LEWIS
District Judge